UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.

SHELDON HURLEY,

                Defendant.
_____

**DECISION AND ORDER**

1:14-CR-00137 EAW

### I. INTRODUCTION

Defendant Sheldon Hurley ("Defendant") is charged in a two-count indictment ("Indictment") with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, and conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h). (Dkt. 1). The Indictment was returned on August 6, 2014, and relates to an alleged scheme occurring between in or about May 2007 and in or about July 2011. Presently before the Court is Defendant's Motion to Revoke or Amend an Order of Detention ("Motion to Revoke") (Dkt. 25), challenging the Order of Detention issued by the Honorable H. Kenneth Schroeder, Jr., United States Magistrate Judge, on January 16, 2019 (Dkt. 24).

Although the Court agrees with the Magistrate Judge's conclusion that Defendant presents a risk of flight, the Court finds that there are conditions that reasonably will assure his presence if released. As a result, the Magistrate Judge's Order of Detention is reversed. The Court directs that Defendant be released pending trial in this matter upon execution of an Order Setting Conditions of Release with the following conditions:

1. Defendant shall post a twenty thousand-dollar ($20,000) cash bond fully secured by cash deposited with the Clerk of the Court.

2. Defendant shall not commit any offense in violation of federal, state, or local law while on release in this case.

3. Defendant shall cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

4. Defendant shall immediately advise the Court, defense counsel, the U.S. Attorney, and the U.S. Probation and Pretrial Services Office ("USPO") in writing before any change in address or telephone number.

5. Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. Defendant must appear at any appearances scheduled before the United States Magistrate Judge. Defendant must also appear at any appearances scheduled by the undersigned, including but not limited to a status conference that is hereby scheduled before the undersigned **on Thursday, April 4, 2019, at 12:00 PM**, at the United States Courthouse, 2 Niagara Square, Buffalo, New York.

6. Defendant shall report by telephone on a weekly basis to the USPO.

7. Defendant shall report within 72 hours, to the USPO any contact with any law enforcement personnel, including but not limited to any arrest, questioning, or traffic stop.

8.  Defendant shall execute an agreement to waive extradition.[1]

Upon Defendant's ability to satisfy the above conditions, he is directed to appear before Judge Schroeder or the duty United States Magistrate Judge for release consistent with this Decision and Order.

## II. **PROCEDURAL HISTORY**

Although Defendant was indicted on August 6, 2014, he was not arraigned until January 15, 2019. (Dkt. 22). During the intervening almost four and one-half years, Defendant resided in Canada, and the Government pursued extradition proceedings. (Dkt. 30 at ¶ 2). According to Defendant, who is a Canadian citizen, it was not until 2018, that he became aware of this matter, and before the extradition proceedings were concluded in Canada, he agreed to surrender himself to authorities. (Dkt. 25 at ¶ 13). Thirty-two defendants were indicted in a related case, *United States v. Offor*, No. 1:12-CR-00183, Dkt. 1 (W.D.N.Y. June 8, 2012), and a single defendant was indicted in another related case, *United States v. Hurst*; No. 1:12-CR-00376, Dkt. 15 (W.D.N.Y. Apr. 24, 2013), all of whom with the exception of the lead defendant in *Offor* have either been convicted by plea and sentenced[2] or dismissed on motion by the Government.

At his arraignment on January 15, 2019, the Government moved for detention and Judge Schroeder granted the request, finding that Defendant presented a risk of flight and

---

[1]    The Court recognizes that there are significant questions as to whether Canada will enforce any such waiver (*see* Dkt. 30-1), but the Court nonetheless requires that an acceptable form be executed by Defendant as part of his release.

[2]    All defendants sentenced by the undersigned in the *Offor* and *Hurst* cases were sentenced to probation.

no terms and conditions would reasonably assure Defendant's appearance at future proceedings. (Dkt. 24; Dkt. 29 at 11-13). Defendant filed his Motion to Revoke on January 22, 2019. (Dkt. 25). The following day, the matter was transferred to the undersigned by the previously assigned District Judge (Dkt. 26), and an appearance was scheduled for February 14, 2019 (Dkt. 28). The Government filed a memorandum in opposition to the Motion to Revoke on February 4, 2019. (Dkt. 30). The matter was heard before the undersigned on February 14, 2019, at which time the Court advised that it would grant the Motion to Revoke with a written decision to follow. (Dkt. 31).

### III. <u>DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY</u>

The basis for the Government's request for detention is flight—there is no suggestion that Defendant should be detained because he presents a risk of danger to others or the community. The underlying crimes alleged in the Indictment are financial crimes, related to an alleged scheme by Defendant and others dating back almost a decade to defraud loan applicants and to obtain money and property from loan applicants by means of materially false and fraudulent pretenses, representations, and promises.

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141 *et seq.*, authorizes and sets forth the procedures for the release or detention of a person pending trial, sentence, and appeal. The procedures and standards for release or detention of a person such as Defendant pending trial are set forth at 18 U.S.C. § 3142. *United States v. Vasquez*, 113 F.3d 383, 388 (2d Cir. 1997). A defendant awaiting trial must be released unless the release will present a risk of flight or dangerousness, or both, and no set of conditions can reasonably eliminate those risks. *See* 18 U.S.C. § 3142.

The factors that a court must consider in making this determination include the following: (1) the nature and circumstances of the charged offenses; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including such matters as the person's family ties, employment history, length of residence in the community, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of any risk of danger if the person is released. *See* 18 U.S.C. § 3142(g); *see also United States v. English*, 629 F.3d 311, 319 (2d Cir. 2011).

In reviewing a detention order of a magistrate judge, a district judge should not simply defer to the judgment of the magistrate judge, but rather must reach her own independent conclusions. *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985). "When making its *de novo* review, the district court may rely on the record of the proceedings before the magistrate judge and may also accept additional evidence." *United States v. Marra*, 165 F. Supp. 2d 478, 481 (W.D.N.Y. 2001), *aff'd*, 21 F. App'x 66 (2d Cir. 2001).

There is a two-step inquiry with respect to risk of flight:

First, the court must make a finding as to whether the defendant presents a risk of flight if not detained.
   Second, if the court finds that a defendant is likely to flee, then the court must proceed to the second step of the inquiry, namely, whether there are conditions or a combination of conditions which reasonably will assure the presence of the defendant at trial if he is released.

*United States v. Shakur*, 817 F.2d 189, 194-95 (2d Cir. 1987) (citations omitted).

In support of its position that Defendant presents a risk of flight, the Government submits: (1) Defendant is a citizen of Canada with no legal status in the United States and no ties to this country; (2) Defendant opposed extradition and only surrendered himself

when the extradition proceedings were near completion and Defendant's extradition was imminent; (3) Although many of the defendants in the related cases were given probationary sentences, Defendant played a more significant role in the scheme acting as a recruiter in the scheme to defraud, not merely a courier; and (4) Defendant faces a maximum punishment of 40 years imprisonment, with an anticipated guideline range of 63 to 78 months imprisonment if convicted of both counts in the Indictment. (*See* Dkt. 30).

Defendant counters that Defendant is 39 years old; he has resided in Ontario, Canada his entire life; he currently resides in Markham, Ontario, at a home that he has rented for eight years with his wife and two daughters (ages 13 and 9); his parents and two sisters also live in Markham; and he has operated his own renovation business for approximately four years. (Dkt. 25 at ¶¶ 11-13).

The USPO prepared a Pretrial Services Report dated February 7, 2019, recommending that Defendant be released on his own recognizance after posting a ten thousand-dollar ($10,000) cash bond. The Pretrial Services Report confirms that Defendant is 39 years old; he was born in Ontario, Canada; he maintains positive familial relationships and all members of his immediate family reside in Ontario; he has been involved in a relationship with Crystal DeLeon for 14 years with whom he has two children (ages 13 and 9); he has resided at the same location with Ms. DeLeon for eight years, which he leases; and he has been self-employed as the owner of a renovation company for several years.[3]

---

[3] Defendant's prior criminal record, as set forth in the Pretrial Services Report, is over 10 years old.

Based upon the facts set forth above, the Court finds that Defendant is a flight risk under the standards established by 18 U.S.C. § 1342. Having determined that Defendant is a flight risk, the Court must consider whether there are conditions or a combination of conditions which reasonably will assure the presence of Defendant at trial if he is released. *Shakur*, 817 F.2d 189 at 194-95; *see also* 18 U.S.C. § 3142(e). In making this determination, the Court not only examines the bail package proposed by Defendant, but also considers "whether a different, and more stringent, set of conditions could be crafted that would reasonably assure Defendant's appearance." *United States v. Jones*, 143 F. Supp. 3d 78, 88 (W.D.N.Y. 2015) (quotation and alteration omitted), *aff'd on relevant grounds*, No. 15-3723, Dkt. 40 (2d Cir. Feb. 11, 2016); *see also United States v. Berrios-Berrios*, 791 F.2d 246, 250-51 (2d Cir. 1986).

Here, the Court concludes that a cash bond of twenty thousand dollars ($20,000)[4] with the additional conditions set forth herein will reasonably assure Defendant's appearance. Although this matter has been pending for over four years, there is no information in the record suggesting that Defendant was aware of the charges against him until sometime in 2018. Indeed, although there are two other related cases, Defendant was not named as a defendant in either of those cases, and instead he was indicted separately some two years later. Moreover, while Defendant initially exercised his rights in Canada

---

[4] Defendant's sister Sheron Hurley offered to post a ten thousand-dollar ($10,000) cash bond. At the appearance before the undersigned on February 14, 2019, the Court indicated that it was willing to release Defendant on condition that he remain in the United States, or alternatively in order to return to Canada, a cash bond of $20,000 would need to be secured. After consulting with Defendant's family who was present at the appearance, defense counsel advised that the funds could be raised.

to oppose the extradition proceedings, he eventually elected to surrender and face these charges. While extradition may have seemed inevitable by the time Defendant agreed to surrender, the fact is that Defendant has retained counsel in the United States, and he has expressed his desire to address these charges. The Court recognizes that there is a risk in allowing Defendant to leave the country, but many of the other defendants who appeared before this Court in the related cases were Canadian citizens, and they all appeared when required even though many had no security posted as part of their release conditions. Here, the Court is satisfied that given Defendant's background and family ties in Markham, combined with the $20,000 cash bond and other conditions set forth herein, the risk of flight is appropriately minimized so as to justify Defendant's release.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Revoke (Dkt. 25) is granted and the Magistrate Judge's Order of Detention (Dkt. 24) is reversed. The Court directs that Defendant be released pending trial in this matter upon execution of an Order Setting Conditions of Release with the following conditions:

1. Defendant shall post a twenty thousand-dollar ($20,000) cash bond fully secured by cash deposited with the Clerk of the Court.

2. Defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

3. Defendant shall cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

4. Defendant shall immediately advise the Court, defense counsel, U.S. Attorney, and the USPO in writing before any change in address or telephone number.

5. Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. Defendant must appear at any appearances as scheduled before the United States Magistrate Judge. Defendant must also appear at any appearance as scheduled by the undersigned, including but not limited to a status conference that is hereby scheduled before the undersigned **on Thursday, April 4, 2019, at 12:00 PM**, at the United States Courthouse, 2 Niagara Square, Buffalo, New York.

6. Defendant shall report by telephone on a weekly basis to the USPO.

7. Defendant shall report within 72 hours, to the USPO any contact with any law enforcement personnel, including but not limited to any arrest, questioning, or traffic stop.

8. Defendant shall execute an agreement to waive extradition.

Upon Defendant's ability to satisfy the above conditions, he is directed to appear before Judge Schroeder or the duty United States Magistrate Judge for release consistent with this Decision and Order.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: February 19, 2019
       Rochester, New York